UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ASTERO, LLC, and ANDREA TANTAROS, | : : : | No. 13-6005 |
| Plaintiffs, | : : |  |
| v. | : : | **ORDER** |
| TALK RADIO NETWORK ENTERTAINMENT, INC., et al., | : : : |  |
| Defendants. | : |  |

Appearances:

TIMOTHY J. MCILWAIN
Timothy J. McIlwain, Attorney at Law, LLC
89 River Street #1538
HOBOKEN, NJ 07030
*Attorney for plaintiffs*

**HILLMAN, District Judge**

WHEREAS, plaintiffs filed a complaint stating that this Court has jurisdiction over this matter based on the diversity of citizenship of the parties and pled an amount in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332; and

WHEREAS, the complaint did not properly allege the citizenship of the plaintiffs; and

WHEREAS, Federal courts have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation; see Zambelli Fireworks

Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'")(citing Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n., 554 F.2d 1254, 1256 (3d Cir. 1977)); and

WHEREAS, the complaint alleges that plaintiff Astero, LLC, is a New Jersey limited liability company; and

WHEREAS, the Third Circuit has held that the citizenship of an LLC is determined by the citizenship of each of its members;[1] see Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010); and

WHEREAS, the complaint alleges that plaintiff Andrea K. Tantaros is an individual "residing" in New York and in New Jersey, rather than alleging the state in which Tantaros is a "citizen"; see 28 U.S.C. § 1332; Tanzymore v. Bethlehem Steel Corp., 457 F.2d 1320, 1324 n.5 (3d Cir. 1972) ("A naked averment

---

[1] The pleading must properly break down each member's citizenship.  For example, if a member of the parent LLC is another LLC ("sub-LLC"), then each member of the sub-LLC must be identified with its citizenship. Or, if a member of an LLC is a corporation, then the corporation's state of incorporation and its principal place of business must be identified.

that one is a 'domiciliary' or a 'resident' of a state is insufficient[;]" citing <u>Sun Printing & Publishing Ass'n. v. Edwards</u>, 194 U.S. 377, 382, 24 S.Ct. 696, 697, 48 L.Ed. 1027 (1904)); <u>Pennsylvania House, Inc. v. Barrett</u>, 760 F.Supp. 439, 449 (M.D.Pa. 1991) ("Citizenship and residency or domicile are not synonymous for purposes of establishing diversity.  Although a party's residence is prima facie evidence of domicile, residency alone is insufficient to establish jurisdiction on the basis of diversity: two elements are necessary to establish domicile, residency coupled with an intent to continue to remain at that location.");

Therefore, it is hereby, on this 11th day of October, 2013,

**ORDERED** that plaintiffs shall have ten (10) days to amend their complaint to properly comply with 28 U.S.C. § 1332.  If plaintiffs fail to do so, this case will be dismissed for lack of subject matter jurisdiction.  <u>See</u> Fed. R. Civ. P. 12(h)(3).

*s/Noel L. Hillman*
NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

3