UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ASTERO, LLC, and ANDREA TANTAROS, | : : : | No. 13-6005 (NLH) |
| Plaintiffs, | : : | |
| v. | : : | **ORDER (Second)** |
| TALK RADIO NETWORK ENTERTAINMENT, INC., et al., | : : : | |
| Defendants. | : : | |

Appearances:

TIMOTHY J. MCILWAIN
Timothy J. McIlwain, Attorney at Law, LLC
89 River Street #1538
HOBOKEN, NJ 07030
*Attorney for plaintiffs*

**HILLMAN, District Judge**

WHEREAS, plaintiffs filed a complaint stating that this Court has jurisdiction over this matter based on the diversity of citizenship of the parties and pled an amount in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332; and

WHEREAS, the Court entered an Order on October 11, 2013, advising plaintiffs that the complaint did not properly allege the citizenship of the plaintiffs, and instructing plaintiffs to

1

file an amended complaint within ten days of the entry of the Order or the complaint would be dismissed; and

WHEREAS, plaintiffs filed a first amended complaint on October 21, 2013; and

WHEREAS, the first amended complaint fails to cure the deficiencies noted by the Court in the plaintiffs' original complaint; and

WHEREAS, plaintiffs allege in their first amended complaint that plaintiff Astero, LLC "is now, and at all times mentioned in this complaint was, a limited liability company duly organized and existing under and by virtue of the laws of the State of New Jersey, with its principal place of business in the City of Linwood, County of Atlantic, State of New Jersey located at 2020 New Road, Linwood, New Jersey 08221," and further alleges that ASTERO is "a corporate citizen of the State of New Jersey"; but

WHEREAS, plaintiffs do not allege the specific members of Astero, LLC; and

WHERAS, plaintiffs must name each member of Astero, LLC, and then must allege the citizenship of each member of Astero, LLC in order to properly plead diversity jurisdiction;[1] and

---

[1] Plaintiff pleads the citizenship of Astero as if it were a

WHEREAS, plaintiffs allege in their first amended complaint that plaintiff Tantaros is an individual "residing" in New York and in New Jersey, Amended Comp. ¶2, and also allege that Tantaros is a citizen of two different states, New Jersey and New York, Amended Comp. ¶8; and

WHEREAS, an individual can be only be a citizen of one state. See Wachovia Bank v. Schmidt, 546 U.S. 303, 318, 126 S.Ct. 941 (2006) ("An individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State.") (citations omitted); National Artists Management Co., Inc. v. Weaving, 769 F.Supp. 1224, 1227-28 (S.D.N.Y. 1991) ("Although a person may have more than one residence, she may only have one

---

corporation.  This is incorrect.  As set forth in this Court's earlier Order, the state of incorporation and principal place of business of an LLC are not relevant for purposes of diversity jurisdiction.  Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412 (3d Cir. 2010).  Rather, as the Third Circuit Court of Appeals has made clear, if an LLC is a named party, the complaint must allege the citizenship of each member of the LLC. Stated differently, the citizenship of an LLC for diversity jurisdiction purposes must be pled as if the LLC were a partnership.  Further, if a member of the parent LLC is another LLC ("sub-LLC"), then each member of the sub-LLC must be identified with its citizenship. For example, if a member of an LLC is a corporation, then the corporation's state of incorporation and its principal place of business must be identified.  If a member of an LLC is an individual, then that person's single state of citizenship must be identified.

3

domicile at any one time.") (citations omitted); and

Therefore, it is hereby, on this __25th__ day of October, 2013,

**ORDERED** that plaintiffs shall have ten (10) days to amend their complaint to properly allege the citizenship of the plaintiff LLC and the individual plaintiff in order to comply with 28 U.S.C. § 1332.  If plaintiffs fail to do so, this case will be dismissed for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3).[2]


                                             s/Noel L. Hillman
                                        NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey

---

[2] Although it appears likely there is complete diversity between the parties if plaintiffs are either New Jersey or New York citizens (assuming that no member of the LLC is a citizen of Oregon) and the defendants as Oregon citizens, Federal Courts are courts of limited jurisdiction, and it is required under Federal law that citizenship be properly plead before a District Court can exercise jurisdiction based on diversity. See also D.R. ex rel. Igles v. Grant, 770 F.Supp.2d 1337, 1343 (M.D.Ga. 2011) ("[w]here ... the plaintiff asserts diversity jurisdiction, he has the burden to prove that there is diversity.") (citing King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007)).