Athan Tsimpedes
TSIMPEDES LAW FIRM
1920 N Street, NW
Suite 300
Washington, DC  20036
(202) 464-9910
Fax (202) 747-2947
*Counsel for Defendants TALK RADIO NETWORK ENTERTAINMENT, INC. and MARK MASTERS*

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ASTERO, LLC,** *et al.*, ) | Case No. 1:13-cv-06005-NLH-JS |
| ) | |
| Plaintiffs, ) | **BRIEF IN SUPPORT OF** |
| ) | **MOTION TO VACATE** |
| v. ) | **ENTRY OF DEFAULT** |
| ) | |
| **TALK RADIO NETWORK** ) | |
| **ENTERTAINMENT, INC.,** *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Defendants, TALK RADIO NETWORK ENTERTAINMENT, INC. ("TRN") and MARK MASTERS, through counsel, move the Court to vacate the Clerk's entry of default of January 21, 2014. In support thereof, the following is shown.

Rule 55(c) of the Federal Rules of Civil Procedure provides that entry of default may be vacated for "good cause." Fed. R. Civ. P. 55(c).  In the Third Circuit, three primary factors are weighed by a court in vacating default: (i) whether the default was entered due to the culpable conduct of the defaulting party; (ii) the availability of a meritorious defense; and, (iii) any prejudice to the plaintiff. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3rd Cir. 2008). Under the circumstances of this case, each factor weighs heavily in favor of the defendants. Accordingly, good cause exists to vacate the entry of default.

**(i)     Lack of Culpability: Improper Service of Process**

The Clerk entered a default in favor of Plaintiffs, ASTERO, LLC ("Astero") and ANDREA K. TANTAROS on the basis of two (2) affidavits of service that indicate that service on both TRN and Masters was attempted by leaving copies of the Summonses and Amended Complaints with Erin Terry at TRN's offices in Grants Pass, Oregon. Erin Terry is described in the Affidavits of Service as the "BOSS, PERSON IN CHARGE." (Plaintiff's Proof of Service, at 3-4 [Docket No. 14]). The attached Declaration of Erin Terry challenges the plaintiff's Affidavits of Service on several grounds. Critically, while Terry works at the site of TRN's offices, she is not employed by TRN; nor is she an officer or director of TRN, and nor is she employed by Masters.  (Exhibit A – Declaration of Erin Terry, at paras. 3-5).

The manner of Plaintiff's attempted service is described by Terry: (i) the process servers handed documents to Terry simply because she was the person located closest to them; (ii) the process servers were told that no one was available in the office with the authority to accept service; (iii) the process servers told Terry that they could "leave the papers with a shipping clerk, or words to that effect"; (iv) Terry did not tell the process servers that she was in charge at the office, and, in fact, Terry lacks supervisory authority over anyone at the office; (v) Terry is not authorized to accept service on behalf of TRN and/or Masters; (vi) Terry did not tell the process servers that she accepted the papers; and (vii) the physical description entered in the Affidavits of Service does not even describe Terry. (Exhibit A, at paras. 6-14).

Terry further states that she did not advise the responsible officers of TRN or Masters about the Summonses and Amended Complaints after they were left with her.

(Exhibit A, at paras. 15-16).  Masters, President and CEO of TRN, states that he had "no idea whatsoever that there had been any claimed service of process in this case until early February . . ."  (Exhibit B – Declaration of Mark Masters, at paras. 3-4).  Masters also confirms that Erin Terry lacks authority to accept service for him personally, or for TRN, and that Terry is not a "BOSS" or "PERSON IN CHARGE" at TRN. (Exhibit B, at paras. 6-7). Ron Severaid, Executive Vice President and Secretary of TRN, states that he had no knowledge of the attempted service until he saw a copy of the application for entry of default. (Exhibit C – Declaration of Ron Severaid, at paras. 3-4).  According to Severaid, an element of confusion existed because a third party previously provided him with a copy of the original complaint and the Court's Order of October 11, 2013 [Docket No. 4] concerning the Court's diversity jurisdiction, which had been pulled up electronically. (Exhibit C, at para. 8).  Because he lacked knowledge of the attempted service on November 15, 2012, when Severaid glanced at the Amended Complaint he believed it had been given to him from the same source and in the same manner as the original complaint: "As such, I expected that there would be some form of future service of process, unless there was another order concerning further amendment of the pleading." (Exhibit C, at para. 8).[1]  The defendants' failure to respond to the Amended Complaint did not result from a willful disregard of the pleadings or this Court's process. Rather, honest mistakes were made mostly because the plaintiffs' chose a manner of service that did not ensure that the defendants' received actual and timely notice of service. In fact, the plaintiffs' service on defendants was improper and defective.

---

[1] Severaid further confirms that Erin Terry lacks authority to accept service of process, and that she is has no supervisory authority in the office. (Exhibit C, at paras. 6-7).

3

The manner of service attempted by the plaintiffs did not meet the requirements for effective service of process on a corporation set forth in Rule 4(h)(1)(A) or (B) of the Federal Rules of Civil Procedure.  Nor did the manner of service meet the requirements for effective service of process on an individual set forth in Rule 4(e)(2)(A), (B) or (C) of the Federal Rules of Civil Procedure.  Likewise, the manner of service attempted by the plaintiffs did not meet the requirements for service on a corporation or on an individual under New Jersey's Rules of Court. *See* Rule 4:4-4(a)(1) and (6).  By simply leaving the Summonses and Amended Complaints at TRN's office location, it appears the plaintiffs were attempting "office service" under Rule 7(D)(2)(c) of the Oregon Rules of Civil Procedure. However, Oregon's "office service" provision requires leaving the process with a "person who is apparently in charge." Oregon Rules of Civil Procedure, Rule 7(D)(2)(c).  As shown, Erin Terry lacked apparent or actual supervisory authority at TRN's office location. She just happened to be the person standing closest to the plaintiffs' process servers. Moreover, the plaintiffs' Proof of Service does not indicate that the attempted service at TRN's office location was followed up by mailing copies of the Summonses and Amended Complaints to the defendants, along with a statement of "the date, time and place at which office service was made,"  as required under the Rule *Id*.

Given the plaintiffs' improper service on the defendants it is not surprising that TRN and Masters lacked notice of service and did not realize that responsive pleadings were purportedly due in order to avoid entry of default.  Under the circumstances, the defendants are not culpable for the failure to file a response to the Amended Complaints in a timely manner. *See* Exhibits B and C.  Indeed, given the improper purported service

4

of process, in reality, there has been no service of process at all, and the application for entry of default was itself improper.

  **(ii)**     <u>**Meritorious Defense**</u>

As stated by Severaid, TRN anticipated service of process and was actually waiting for it in order to direct the filing of a motion to stay in favor of arbitration on the basis of the mandatory arbitration clause contained in the parties' Host Agreement. (Exhibit C, para. 9). The Host Agreement is attached as Exhibit A to the Amended Complaint. Resolution of disputes among the parties is governed by the mandatory requirements of Section 24 of the Host Agreement. (Amended Complaint, Ex. A, at 24-25). Section 24 provides broadly for resolution of "any dispute between the Parties relating to this Agreement and/or the obligations and/or entitlements of any Party under this Agreement," and establishes a process whereby the parties have agreed to meet and confer, mediate and arbitrate their disputes. *Id*. Only in the event that a substantive arbitration award is reached and rejected may a party seek resolution before a court of law; and, then, only before a court of law located in Oregon. *Id*. In filing an action before this Court the plaintiffs simply ignored their obligations under Section 24 of the Host Agreement.

The allegations against TRN and Masters are identical and inseparable, and all relate to the Host Agreement and/or the obligations or entitlements thereunder. Accordingly, the actions against TRN and Masters are both subject to the dispute resolution procedures of Section 24 of the Host Agreement. The mandatory arbitration of plaintiffs' claims, and the defendants' stated intent to file a motion to compel arbitration

once the entry of default is vacated constitute meritorious defenses to the allegations of the Amended Complaint.

Where, as here, the contract containing the arbitration clause affects interstate commerce, the Federal Arbitration Act ("FAA") governs the enforceability of that arbitration provision. *See* 9 U.S.C. Sec. 2. The FAA provides that a written arbitration provision in "a contract evidencing a transaction involving commerce … shall be valid, irrevocable, and enforceable…." *Id*. (emphasis added).  "The FAA reflects the fundamental  principle that arbitration is a matter of contract." *Rent-A-Center, West, Inc. v. Jackson*, 130 S.Ct. 2772, 2776 (2010).  The Act further evidences a "national policy favoring arbitration." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S.Ct. 1758, 1779 (2010).

The "FAA establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *In re Am. Exp. Merchants Litig.*, 681 F.3d 139, 145 (2d Cir 2012); *see also Granite Rock Co. v. Int'l Broth. Of Teamsters*, 130 S.Ct. 2487, 2857 (2010) (where "parties concede that they have agreed to arbitrate *some* matters pursuant to an arbitration clause, the law's permissive policies in respect to arbitration counsel that any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration").  Each of the plaintiffs' claims falls within the ambit of an agreement between the parties to arbitrate their disputes. Accordingly, the defendants' request that the Court enforce the Host Agreement and refer these claims to arbitration is a meritorious defense warranting an Order vacating the entry of default.

**(iii)     Lack of Prejudice**

The plaintiffs cannot realistically argue that vacating the entry of default against TRN and Masters would unjustly prejudice them.  First, the defendants did not respond to the Amended Complaint because they lacked notice that the pleadings were purportedly served and that the period for filing a response had commenced. The defendants' lack of notice was caused by the plaintiffs' defective service of process. It would be unjust to reward the plaintiffs for failing to make proper service.  Indeed, given the lack of proper service, service has not been effectuated, and there is no proper basis for the plaintiffs' request for entry of default.

Second, the defendants are contractually bound to mediate and arbitrate their claims rather than file their claims before this Court. Since defendants had no right to file this action in the first place, it does not prejudice them to allow TRN and Masters to enforce their contractual rights to arbitration by removing this dispute to its proper forum.

WHEREFORE, for good cause shown, the defendants pray this Court to vacate the entry of default against TRN and Masters. The form of a proposed Order is attached.

Dated: 2/19/14                    Respectfully submitted,
                                  **TSIMPEDES LAW FIRM**


                                  */s/ Athan T. Tsimpedes*
                                  _____
                                  Athan T. Tsimpedes
                                  1920 N Street, NW, Suite 300
                                  Washington, D.C.  20036
                                  202) 464-9910
                                  Fax (202) 747-2947
                                  *Counsel for Defendants TALK RADIO NETWORK*
                                  *ENTERTAINMENT, INC. and MARK MASTERS*

7