**EXHIBIT A**
**DECLARATION OF ERIN TERRY**

Case 1:13-cv-06005-NLH-JS  Document 17-3  Filed 02/20/14  Page 2 of 4 PageID: 374

THE UNITED STATES DISTRICT COURT,
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTERO, LLC, a New Jersey limited liability company; ANDREA K. Tantaros, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>TALK RADIO NETWORK ENTERTAINMENT, INC., an Oregon corporation, MARK MASTERS, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 1:13-cv-06005-NLH-JS<br><br>DECLARATION OF ERIN TERRY IN SUPPORT OF MOTION TO VACATE DEFAULT |

I, ERIN TERRY, hereby declare that:

1. I am an adult individual who resides in Grants Pass, Oregon.

2. I am making the factual statements in this declaration from my own knowledge and can testify competently to these facts from my personal knowledge if called upon to do so.

3. I am a staff employee of a company which maintains offices at 225 NE Hillcrest Drive, Grants Pass, Oregon (the "**Office Premises**") and I do work from the Office Premises.

4. I am not an employee of either defendant TALK RADIO NETWORK ENTERTAINMENT, INC. or defendant MARK MASTERS.

5. I am not an officer of defendant TALK RADIO NETWORK ENTERTAINMENT, INC., or my employer or any other company.

DECLARATION OF ERIN TERRY IN SUPPORT OF MOTION TO VACATE DEFAULT

1

6. Late one Friday afternoon (I do not have reason to question the claimed date of November 15, 2013), a man and a woman entered the Office Premises with papers they said were for TALK RADIO NETWORK ENTERTAINMENT, INC., and MARK MASTERS.

7. They were advised by another person within the Office Premises, truthfully, that there was no one in the Office Premises able to take those papers (MARK MASTERS was not at the Office Premises at the time, nor was Ron Severaid, who the people in the Office Premises understood to be a person who could accept papers for TALK RADIO NETWORK ENTERTAINMENT, INC). In response, they left the Office Premises and, at that point, had not spoken with me.

8. They then returned to the Office Premises a short time later. At that time, I was the person closest to them, and they told me that they could leave the papers with a shipping clerk, or words to that effect. Then they handed the papers to me told me and that I had to give them a piece of identification to show who they left the papers with. They were very persistent, and I do not know anything about such matters, so I gave them some identification and they left.

9. I understand that I have now been identified as "BOSS, PERSON IN CHARGE, who accepted service". These statements are all false.

10. I am not the, or a, "BOSS" at the Office Premises, for my employer, or at all, nor am I the, or a, "PERSON IN CHARGE" at the Office Premises, whether for my employer, or at all, nor did I make any statements to anyone to any such effect.

11. I am a worker who has a desk and work area at the Office Premises. I do not have any authority over any other person who works within the Office Premise and have no authority to direct anyone there to do anything.

12. No person, company or other third party has ever authorized me to accept service of process on their behalf. In particular, I have never been authorized by MARK MASTERS to accept

DECLARATION OF ERIN TERRY IN SUPPORT OF MOTION TO VACATE DEFAULT

2

service of process on his behalf or by anyone to accept service of process on behalf of TALK RADIO NETWORK ENTERTAINMENT, INC.

13. I did not tell the people who left the papers that I accepted them. They just told me they could leave them with anyone and they were leaving them with me. They were very persistent and I did not accept the papers or tell them I was accepting them.

14. In addition, the physical description of me which I understand has been given in the claimed proofs of service clearly does not describe me.

15. No one in the Office Premises tried to reach either Mr. Severaid or Mr. Masters to tell them what happened, as no one at the Office Premises had any understanding that this was something they should try to reach them about before the weekend.

16. I understood/assumed Mr. Severaid would be doing whatever should be done once he saw the papers, and did not speak with either Mr. Masters or Mr. Severaid about these events afterwards until Mr. Severaid asked me towards the end of January if anyone had attempted to serve papers in this case.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is created on the 11th day of February, 2014, at Grants Pass, Oregon.

ERIN TERRY

DECLARATION OF ERIN TERRY IN SUPPORT OF MOTION TO VACATE DEFAULT

3