TIMOTHY J. McILWAIN
ATTORNEY AT LAW, LLC
Attorney@McIlwainLaw.com
89 River Street #1538
Hoboken, New Jersey 07030
Tel: (877) 375-9599
Fax: (609) 450-7017

CHRISTIAN S. MOLNAR, ESQ. (CA State Bar No. 177665)
christian@christiansmolnarlaw.com
*(Pro Hac Vice)*
12400 Wilshire Boulevard, Suite 1180
Los Angeles, California 90025
Tel: (310) 820-9900
Fax: (310) 820-9926

Attorneys for Plaintiffs ASTERO, LLC, a New Jersey limited liability company, and
ANDREA K. TANTAROS, an individual

## THE UNITED STATES DISTRICT COURT,

## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTERO, LLC,  a New Jersey limited liability company; ANDREA K. TANTAROS, an individual,<br><br>            Plaintiffs,<br><br>        vs.<br><br>TALK RADIO NETWORK ENTERTAINMENT, INC., an Oregon corporation, MARK MASTERS, an individual, and Does 1 through 10, inclusive,<br><br>            Defendants. | Case No.:  1:13-cv-06005-NLH-JS<br><br>**PLAINTIFFS ASTERO, LLC AND ANDREA TANTAROS' SUR-REPLY TO DEFENDANTS TALK RADIO AND MARK MASTERS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO VACATE ENTRY OF DEFAULT** |

1

**PLAINTIFFS ASTERO, LLC AND ANDREA TANTAROS' SUR-REPLY TO
DEFENDANTS TALK RADIO AND MARK MASTERS' REPLY**

# TABLE OF CONTENTS

I.    **INTRODUCTION**........................................................... 1

   A.    **Factual Background** ................................................ 1

   B.    **Procedural Background** ........................................ 3

II.   **DEFENDANT MARK MASTERS CHANGES HIS TESTIMONY, THEREBY PLEADING INCONSISTENT FACTS** ................................. 6

III.  **DEFENDANTS HAVE OMITTED MATERIAL AND CRITICAL FACTS FROM THEIR REPLY** ....................................................... 7

IV.   **DEFENDANTS ATTEMPT TO MISLEAD THE COURT AS TO PLAINTIFFS' ARGUMENT REGARDING SERVICE OF PROCESS** .. 8

   A.    **Service on Defendant Talk Radio Network Was Proper** ................. 9

   B    **Service on Defendant Mark Masters Was Proper** ........................... 10

V.    **PLAINTIFFS WILL SUFFER SIGNIFICANT PREJUDICE SHOULD DEFENDANTS DEFAULT BE SET ASIDE** ................................... 13

VI.   **CONCLUSION**........................................................... 14

---

**PLAINTIFFS ASTERO, LLC AND ANDREA TANTAROS' SUR-REPLY TO DEFENDANTS TALK RADIO AND MARK MASTERS' REPLY**

1

## **TABLE OF AUTHORITIES**

2

**CASES**

3  *Budget Blinds, Inc. v. White* (3rd Cir. 2008) 536 F.3d. 344 ................................5, 10, 14

4  *Duber v. Zeitler* (1993) 118 Or. App. 597 ................................................. 12

5  *Gallogly v. Calhoon* (1994) 126 Or. App. 366 ........................................ 12

6  *Hoeck v. Schwabe, Williamson & Wyatt* (1997) 149 Or. App. 607........................... 11

7  *Matter of Marriage of Boyd* (1994) 131 Or. App. 194............................................. 12

8  **STATUTES**

9  Federal Rule of Civil Procedure 55(c) ........................................................ 5

10  Oregon Rule of Civil Procedure 7(D)(1) ................................................ 10, 11, 12

11  Oregon Rule of Civil Procedure 7(D)(2) ................................................ 8, 9

12  Oregon Rule of Civil Procedure 7(D)(3)(b) ........................................... 9

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**1**

**PLAINTIFFS ASTERO, LLC AND ANDREA TANTAROS' SUR-REPLY TO DEFENDANTS TALK RADIO AND MARK MASTERS' REPLY**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

### A.   Factual Background

Plaintiff ANDREA TANTAROS, an individual ("Plaintiff TANTAROS") has been employed by Fox News as a political contributor since April 2010.  (*See* Plaintiffs' Complaint ¶ 12.)  In or around the fall of 2012, Plaintiff TANTAROS was approached by Defendant MARK MASTERS, an individual ("Defendant MASTERS,") the CEO of Defendant TALK RADIO NETWORK ENTERTAINMENT, LLC, an Oregon limited liability company ("Defendant TALK RADIO,") regarding recruiting her to host its "banner" morning radio show during prime-time morning hours.  (*See* Plaintiffs' Complaint ¶ 13; Declaration of Andrea Tantaros, "Tantaros Dec." ¶ 3.) During the course of recruiting Plaintiff TANTAROS, Defendant MASTERS made both material misrepresentations and failed to disclose material facts to Plaintiff TANTAROS, including representing to Plaintiff TANTAROS that Defendant TALK RADIO was very well capitalized, that Defendant TALK RADIO had solid and strong existing relationships with its syndicators, and that Defendant TALK RADIO would fund a national syndication quality show.  (*See* Plaintiffs' Complaint ¶ 13; Tantaros Dec. ¶ 4.)  Based in large part on such representations, on or about December 21, 2012, Plaintiff ASTERO and Defendant TALK RADIO entered into a written "HOST AGREEMENT" ("Host Agreement") which provided that Plaintiff TANTAROS would serve as host of Defendant TALK RADIO's morning talk show program, and Plaintiff ASTERO would receive a fixed annual salary, plus a percentage of all annual net revenue, and a percentage of all user fees generated by her show.  (*See* Plaintiffs' complaint at ¶ 14; Tantaros Dec. ¶ 5.)  However, contrary to Defendant MASTERS representations, and unbeknownst to Plaintiffs, Defendant TALK RADIO was, at that time, embroiled in a contentious and complex litigation with their main syndicator, and main source of income, non-party Dial Global, Inc., regarding non-party Dial Global's

**PLAINTIFFS ASTERO, LLC AND ANDREA TANTAROS' SUR-REPLY TO DEFENDANTS TALK RADIO AND MARK MASTERS' REPLY**

1   alleged failure to pay revenues to Defendant TALK RADIO.  (*See* Tantaros Dec. ¶6.)

2   A true and correct copy of Defendant TALK RADIO's complaint against non-party

3   Dial Global, Inc., filed on August 23, 2012, is attached to the Declaration of Christian

4   S. Molnar, Esq.,  as **Exhibit "B,"** and incorporated herein by reference as if fully set

5   forth.   As a direct result of the Dial Global, Inc., litigation, Defendant TALK RADIO

6   was, despite Defendant MASTERS' representations to the contrary, in a precarious

7   financial condition and on the verge of not being able to conduct its regular radio

8   programming business.  In fact, Defendant MASTERS later admitted to Plaintiff

9   TANTAROS that Defendant TALK RADIO had not been paid any revenues by non-

10  party Dial Global for more than a year, which included the time that Defendant

11  MASTERS was soliciting Plaintiff TANTAROS to enter into the Host Agreement and

12  induced her to enter into the same.  (*See* Tantaros Dec. ¶7.)

13         Despite the fact that Plaintiffs' radio show on Defendant TALK RADIO was an

14  immediate success, in or about late August 2013, Defendant TALK RADIO , without

15  notice, laid off most of the staff of Plaintiffs' show and its(Defendant TALK RADIO's)

16  advertising sales team, and affiliate relationship representatives, with others resigning

17  due to lack of payment, thereby severely compromising both the quality and the content

18  of Plaintiffs' show, and substantially constricting the amount of contingent

19  compensation, based on advertising revenue, that Plaintiffs could hope to receive.  (*See*

20  Plaintiffs complaint, ¶ 26; Tantaros Dec. ¶ 9.)  Additionally, on or about September 13,

21  2013, and again on October 9, 2013, Plaintiff TANTAROS gave notice to Defendants

22  regarding Defendants multiple material breaches of the Host Agreement, including

23  Defendants failure to adequately syndicate, market, and advertise the show, failing to

24  provide a national syndication quality show, and failing to pay Plaintiff TANTAROS'

25  salary.  (*See* Tantaros Dec. ¶10, **Exhibit "A."**)  However, despite Plaintiffs multiple

26  notices to Defendants regarding Defendants' breaches of the Host Agreement,

27  Defendants never meaningfully responded to Plaintiffs demands, or timely cured the

28

---

**PLAINTIFFS ASTERO, LLC AND ANDREA TANTAROS' SUR-REPLY TO
DEFENDANTS TALK RADIO AND MARK MASTERS' REPLY**

1    defaults, thus necessitating the filing of this case.  (*See* Plaintiffs complaint, ¶ 33.)

2    Rather than attempting to timely cure its material defaults as demanded by Plaintiffs,

3    Defendants chose to do nothing, other than malign Plaintiff TANTAROS in the press,

4    and repudiate the underlying purpose of this lawsuit as nothing more than a

5    "smokescreen," in an improper attempt to drag out the process and delay Plaintiff

6    TANTAROS' potential return to the talk radio marketplace.  (*See* Tantaros Dec. ¶ 11,

7    at **Exhibit "B."**) Meanwhile, Plaintiffs career is on hold, as Plaintiffs cannot move

8    forward, and attempt to take steps to reverse the damage caused to her career and her

9    brand as a result of her ongoing conflict with Defendant TALK RADIO.  Each day that

10   this litigation remains active is a benefit to Defendant TALK RADIO, as they are able

11   to keep Plaintiff TANTAROS out of the marketplace and away from their competitors,

12   while simultaneously remaining in material default under the terms of their contract.

13   Defendants are more than happy to continue this case for as long as possible, and have

14   taken every measure possible to further extend and protract this action, for the purpose

15   of avoiding curing their material defaults, being able to not pay Plaintiffs, and

16   simultaneously keep Plaintiff TANTAROS away from their competitors and out of the

17   marketplace, all to the continuing detriment of Plaintiffs.

18       **B.**    **Procedural Background**

19          Defendant TALK RADIO and Defendant MASTERS (collectively

20   "Defendants,") for the first time in their Reply to Plaintiffs' Opposition to Defendants'

21   Motion to Set Aside Default ("Defendants' Reply,") [Docket Number 20], bring up

22   new facts and/or materially alter the testimony presented by them in their Motion to Set

23   Aside Default ("Defendants' Motion") [Docket Number 17,] thus materially and

24   substantively changing the entire premise of their Motion, and prejudicing Plaintiffs'

25   ability and opportunity to properly address Defendants factual and legal argument.

26   Specifically, Defendants argue, for the first time in their Reply, that Defendant

27   MASTERS did not receive, by mail, a copy of the summons and complaint filed in this

28

---

**3**

**PLAINTIFFS ASTERO, LLC AND ANDREA TANTAROS' SUR-REPLY TO
DEFENDANTS TALK RADIO AND MARK MASTERS' REPLY**

action, despite his unequivocal testimony, under oath, to the contrary, made in his Declaration in support of Defendants' Motion to Set Aside Default, that he became aware of "**service of process** in this case" when he opened "mail…which had accumulated while I was away on an extended business trip." (*See* Declaration of Mark Masters, Defendants' Motion, ¶ 4.)  Defendant MASTERS' testimony, in Defendants' Reply, that he did not receive a copy of the summons and complaint in the mail is **directly contrary** to his own arguments, and testimony, in Defendants' Motion. Resultantly, Plaintiffs have been completely unable to respond to this recent reversal in Defendants' rendition of the facts until now.[1]

Further, it has recently come to the attention of Plaintiffs that Defendants' have materially and purposefully mischaracterized the position of Ms. Erin Terry, on whom service was made in this case.  Defendants have argued, on Reply, that Ms. Terry was a mere "receptionist" in their office, and that "there was no reason to believe that she had any authority, apparent or otherwise" to accept service of process for either Defendant. (*See* Defendants' Reply, pg. 3.)  However, Defendants' arguments purposefully omit the crucial fact that ***Ms. Erin Terry is the personal, executive assistant of Defendant MASTERS,' who is the CEO of Defendant TALK RADIO***.  (Declaration of Andrea Tantaros, ¶¶ 4-5, **Exhibit "C" and "D**.")  Defendants mischaracterize Ms. Terry's position at Defendant TALK RADIO, and with Defendant MASTERS specifically, and further mislead this court as to the same, for the specific purpose of attempting to avoid the true facts of this case, and the consequent inevitable conclusion that service was proper as to both Defendants.

Additionally, Defendant TALK RADIO, at the time of the filing of Defendants' Reply, was dissolved in its state of incorporation, Oregon, and as such, was not

---

[1]      This sur reply brief is filed pursuant to a Stipulation and Order of All Parties to Allow Plaintiffs Astero, LLC and Andrea Tantaros to File a Sur-Reply to Defendants Talk Radio Network Entertainment, LLC and Mark Masters' Reply to Plaintiffs' Opposition to Motion to Set Aside Default [Docket Number 23,] executed by all parties and ordered by this court on April 14, 2014.

4

**PLAINTIFFS ASTERO, LLC AND ANDREA TANTAROS' SUR-REPLY TO DEFENDANTS TALK RADIO AND MARK MASTERS' REPLY**

1  qualified to do business in that state, or any other.  It was determined, just prior to the

2  filing of this motion, that Defendant TALK RADIO has been reinstated as a corporate

3  entity in Oregon, although Plaintiffs are uncertain as to Defendant TALK RADIO's

4  motivation or incentive to dissolve, and then file for reinstatement at this crucial

5  juncture.  Regardless of Defendant TALK RADIO's intentions, at a minimum,

6  Defendant TALK RADIO should have disclosed its changing corporate status to this

7  court, and Plaintiffs, given the fact that Defendant TALK RADIO's continuing

8  corporate existence is a material and significant issue in this case, and the fact that their

9  Reply was filed _subsequent_ to the dissolution of Defendant TALK RADIO.  A true and

10  correct copy of Defendant TALK RADIO's status with the Oregon Secretary of State is

11  attached to the Declaration of Christian S. Molnar, Esq., as **Exhibit "A."**

12         Defendants shifting legal argument, and conflicting testimony are all simply

13  transparent attempts to distract this court from the fact that, as established in Plaintiffs'

14  Opposition, both Defendants were property served and actually notified of Plaintiffs'

15  pending claims.  Simply, none of Defendants' arguments, as presented in their Motion,

16  or their Reply, supports setting aside their default.  As admitted by Defendants,

17  Defendants' default can only be set aside under Federal Rule of Civil Procedure 55(c)

18  where: (1) the Defendants were not culpable for failing to answer service; (2)

19  Defendant has established the existence of a meritorious defense to the complaint, and

20  (3) Plaintiffs will suffer no prejudice by allowing the Defendants to respond.  (_Budget_

21  _Blinds, Inc. v White_ (3rd Cir. 2008) 536 F.3d 344, 256.)  However, Defendants have

22  established none of the above-elements.  First, as more fully set forth, below,

23  Defendants were both properly served, and had actual notice of Plaintiffs' complaint

24  well in advance of the date by which they were required to respond, and were thus fully

25  culpable for their failure to respond.  Second, Defendants have not offered, as they

26  must, any evidence of a meritorious, complete, defense to Plaintiffs allegations, instead

27  only objecting to the forum in which Plaintiffs claims have been brought, without

28

---

5

**PLAINTIFFS ASTERO, LLC AND ANDREA TANTAROS' SUR-REPLY TO
DEFENDANTS TALK RADIO AND MARK MASTERS' REPLY**

offering any defense to the substantive aspects of Plaintiffs complaint. (*See* Defendants' Motion, p. 5.)  <u>Third</u>, Plaintiffs have already incurred significant prejudice as a result of Defendants' calculated and wrongful failure to respond to Plaintiffs' demands.  Vacating Defendants' default, and allowing Defendants to further delay this case would only compound and extend the significant prejudice already incurred. Defendants should not be rewarded for ignoring Plaintiffs demands for months, and then looking to the court to "bail them out" of a default that was avoidable, but for Defendants' purposeful failure to timely reply.

## II.   DEFENDANT MARK MASTERS CHANGES HIS TESTIMONY, THEREBY PLEADING INCONSISTENT FACTS

Contrary to his unequivocal testimony, made under oath, in support of Defendants' Motion to Set Aside Default, Defendant MASTERS now testifies, for the first time, in his latest declaration, in support of Defendants' Reply, that he did not receive, by mail, a copy of the summons and complaint filed in this action.  (*See* Defendant of Mark Masters, in support of Defendants' Reply to Opposition to Motion to Vacate Default, ¶ 6.)  Such testimony is completely antagonistic to his declaration attached to Defendants' Motion, in which he declares that he became aware of "**service of process** in this case" when he opened "mail…which had accumulated while [he] was away on an extended business trip."  (*See* Declaration of Mark Masters, Defendants' Motion, ¶ 4.)  As a result of Defendants' new and contradictory arguments on Reply, Defendants have materially prejudiced Plaintiffs ability and opportunity to properly address Defendants' factual and legal argument, or, indeed, even remark on Defendants' clear inconsistencies, making this sur-reply brief necessary.

Further, as set forth in more detail herein, *infra*, Defendant MASTERS' conflicting testimony, and Defendants' Reply as a whole, which myopically focuses on whether service of process was mailed to Defendants as their business address, is <u>not even relevant to the question of whether service is proper in this case</u>, as Plaintiffs' rely

**PLAINTIFFS ASTERO, LLC AND ANDREA TANTAROS' SUR-REPLY TO DEFENDANTS TALK RADIO AND MARK MASTERS' REPLY**

1  on service of process methods that <u>do not require a mailing to be perfected</u>.  (*See*

2  Section "IV." *infra* discussing Plaintiffs' argument in their Opposition.)

## III.  DEFENDANTS HAVE OMITTED MATERIAL AND CRITICAL FACTS FROM THEIR REPLY

5  Defendants have omitted critical facts from their Reply which are material to the

6  disposition of their Motion.  First, Defendants have omitted, and attempted to conceal,

7  the true relationship of Ms. Erin Terry, on whom service was made in this case, as to

8  both Defendant TALK RADIO and to Defendant MASTERS.  In their Motion, and

9  again on Reply, Defendants assert that Ms. Terry was only a "receptionist" in their

10 office, who was only served because she "happened to be closest to the process server"

11 that that, consequently, it was not reasonable to assume that Ms. Terry would apprise

12 Defendants of service in this action.  Contrary to Defendants' assertions that Ms. Terry

13 does not hold a position of consequence at Defendant TALK RADIO, or with

14 Defendant MASTERS, she is, in fact, the <u>personal, executive assistant of Defendant</u>

15 <u>MASTERS, who serves as CEO to Defendant TALK RADIO.</u>  (Declaration of Andrea

16 Tantaros, ¶¶ 5-6, **Exhibits "A" and "B."**)  Thus, it is more than reasonable to assume

17 that she was qualified to accept service on behalf of the Defendants, and eminently

18 reasonable to assume that she would notify Defendants of the pendency of this action.

19 Defendants mischaracterize Ms. Terry's central role at Defendant TALK RADIO, and

20 purposefully mislead the court, and Plaintiffs' as to the same, for the express purpose

21 of attempting to avoid the inevitable conclusion that service was proper in this case,

22 and further, attempting to preclude Plaintiffs' from bringing this critical fact to the

23 attention of the court in their Opposition.

24 Secondly, since the filing of Plaintiffs' Opposition, and <u>before</u> Defendants' filed

25 their Reply, Defendant TALK RADIO NETWORK dissolved, and was, at the time of

26 the filing of Defendants' Reply, no longer qualified to do business, including the

27 broadcasting business at issue in this case, in its state of incorporation, or any other.

28

---

**7**

**PLAINTIFFS ASTERO, LLC AND ANDREA TANTAROS' SUR-REPLY TO DEFENDANTS TALK RADIO AND MARK MASTERS' REPLY**

(*See* Declaration of Christian S. Molnar, Esq., ¶ 5, **Exhibit "A."**)  While Defendant TALK RADIO has been recently reinstated as a corporate entity in Oregon, at a minimum, Defendant TALK RADIO should have disclosed its changing corporate status to this court, and Plaintiffs, given the fact that Defendant TALK RADIO's continuing corporate existence is a material and significant issue in this case. Defendants did not make reference to their curious dissolution, and subsequent reinstatement, in their Reply, despite filing their Reply <u>after</u> their dissolution was entered by the Oregon Secretary of State.

## IV.   DEFENDANTS ATTEMPT TO MISLEAD THE COURT AS TO PLAINTIFFS' ARGUMENT REGARDING SERVICE OF PROCESS

Defendants' only argument regarding service of process in their Reply is that "service was purportedly made under the "office service" procedures of **Rule 7(D)(2)** of the Oregon <u>Code of Civil Procedure</u>," and that such "office service" was improper because, with regard to Defendant Masters, and Defendant MASTERS *only,* Plaintiff did not first attempt to serve Masters at his home before serving his office and, with regard to both Defendant TALK RADIO and Defendant MASTERS, the summons and complaint were not, after being served at Defendant TALK RADIO's headquarters, and registered address of service of process, mailed to the Defendants at their office addresses, or, at minimum, the proofs of service do not reflect such mailing.

However, Defendants' argument on Reply, including their lengthy discussion as to whether Defendants received copies of the summons and complaint in the mail, or whether the proofs of service reflect such a mailing, is completely beside the point and <u>irrelevant</u> to the issue of whether service of process was effective in this case, as both Defendant MASTERS and Defendant TALK RADIO were served by methods that <u>do not require service of the summons and complaint by mail</u>, and, moreover, do not require the proofs of service to so reflect.

///

**PLAINTIFFS ASTERO, LLC AND ANDREA TANTAROS' SUR-REPLY TO DEFENDANTS TALK RADIO AND MARK MASTERS' REPLY**

1

     **A.**     **Service on Defendant Talk Radio Network Was Proper**

2
       Despite Defendants' completely inexplicable statement, in their Reply, that

3 Plaintiffs are asserting that service was made pursuant to the "office service" rules

4 under Oregon <u>Code of Civil Procedure</u> Section 7(D)(2), <u>no such argument was made in</u>

5 <u>Plaintiffs' Opposition</u>.  In fact, Plaintiffs specifically state that service was made on

6 Defendant TALK RADIO according to the "Primary Service Method" for service on a

7 corporation as set forth in **Rule 7(D)(3)(b)** of the Oregon <u>Code of Civil Procedure</u>, *not*

8 the "office service" rules claimed by Defendants, which appear in the *preceding* Code

9 Sub-section.  Contrary to the "office service" rules, the "primary service method" for

10 corporations requires <u>only</u> service "[b]y personal service or office service upon a

11 registered agent, officer, or director of the corporation; **or by personal service upon**

12 **any clerk on duty in the office of a registered agent**."  Thus, the "primary service

13 method" utilized by Plaintiffs as to Defendant TALK RADIO clearly requires <u>only</u>

14 personal service upon any clerk in the office of the registered agent – **no mailing is**

15 **required**.  In their Motion, which facts were uncontroverted in their Reply, Ms. Erin

16 Terry, a clerk working in the office of the registered agent on which service was made,

17 "works at the site of [Defendant TALK RADIO]," and is employed at the same

18 location.  In fact, Plaintiffs' subsequent research into Ms. Terry's specific position at

19 Defendant TALK RADIO reveals that she is in fact the personal executive assistant to

20 Defendant MASTERS, and has regular contact with Defendant MASTERS.  This is

21 more than sufficient to satisfy the requirements of Rule 7(D)(3)(b), which allows for

22 service on *any* clerk working in the agent's office, thus perfecting service on Defendant

23 TALK RADIO NETWORK.  Admittedly, the aforementioned actions alone are not

24 enough to satisfy the requirements of "office service;" but that fact is of <u>no</u>

25 <u>consequence</u>, as Plaintiff was not attempting to serve Defendant TALK RADIO

26 NETWORK under the "office service" rules, as clearly explained in Plaintiffs'

27 Opposition.

28

---

**PLAINTIFFS ASTERO, LLC AND ANDREA TANTAROS' SUR-REPLY TO**
**DEFENDANTS TALK RADIO AND MARK MASTERS' REPLY**

In the Third Circuit, the court will only set aside a default where it is shown that, *inter alia,* the default was not entered due to the culpable conduct of the defaulting party.  (*Budget Blinds, Inc. v. White* (3rd Cir. 2008) 536 F.3d 244, 256.)  Stated another way, where it is shown that the defaulted defendant was culpable for the actions giving rise to its default being entered, than the default will not be set aside.  Defendants' *only* argument in their Motion as to their lack of culpability in this case was that the Defendants were not properly served.  However, because service of process is clearly sufficient as to Defendant TALK RADIO, as set forth in detail, *supra*, this alone is enough to deny Defendants' Motion, as Defendant TALK RADIO, at least, has not established that it was improperly served, and is, consequently, fully culpable for its failure to file a responsive pleading in this case.

## B.     Service on Defendant Mark Masters Was Proper

Defendants' again attempt to assert that Plaintiffs' attempted to serve Defendant MASTERS under the "office service rules" and argue, for the first time in Reply, that such "office service was defective because: (1) Defendant MASTERS was not mailed a copy of the summons and complaint, and (2) that Plaintiffs' did not, first, attempt to serve Defendant MASTERS at his residence.  As both such arguments are raised for the first time on Reply, Plaintiffs' had no ability, prior to the filing of this sur-reply, to refute such arguments, or address the fact that such arguments directly contradict Defendant MASTERS' prior testimony.  However, Defendants' arguments regarding the sufficiency, or insufficiency, of "office service" as to Defendant MASTERS is completely inapposite to their Motion, and to the sufficiency of service of process in this case, as explained *supra*, with regard to Defendant TALK RADIO.  As Plaintiff makes clear in their Opposition, Defendant MASTERS was not served pursuant to the "office service" rules, but rather in accordance with another Code-Subsection entirely - - **Rule 7(D)(1)** of the Oregon Code of Civil Procedure, which allows service to be made on an individual by "any other method reasonably calculated, under all the

**PLAINTIFFS ASTERO, LLC AND ANDREA TANTAROS' SUR-REPLY TO DEFENDANTS TALK RADIO AND MARK MASTERS' REPLY**

1  circumstances, to apprise the defendant of the existence and pendency of the action and

2  to afford a reasonable opportunity to appear and defend."  The Oregon Supreme Court

3  has made clear that Rule 7(D)(1) established a "two-part test for determining the

4  adequacy of service under ORCP 7.  First, . . . determine whether the method used was

5  permitted by ORCP 7 D(3)[setting forth the requirements of "office service" and other

6  particularized service methods]… If those requirements are not met, then we must

7  determine whether service otherwise is adequate under the reasonable notice standard

8  set forth in ORCP 7 D(1).")  Rule 7(D)(1) sets forth a liberal service of process

9  requirement that <u>does not require a mailing</u>, but instead deems service of process

10 perfected <u>where service is made in *any* method reasonably calculated to apprise the</u>

11 <u>Defendant of the action</u>.  Thus, Defendants' argument that service is improper simply

12 because no mailing occurred is simply unsupportable by the applicable rules of civil

13 procedure, and so narrowly myopic in focus as to be misleading as to the true legal

14 standard.

15      The Oregon Court has held that service on an individual like Defendant

16 MASTERS is adequate under the Oregon <u>Code of Civil Procedure</u> Section 7 D(1) if the

17 process server has reason to believe that the person with whom the summons and

18 complaint have been left has regular, frequent and predictable contact with the

19 defendant.  (*Hoeck v. Schwabe, Williamson & Wyatt* (1997) 149 Or. App. 607, 617.)

20 Here, Plaintiffs' left a copy of the summons and complaint at Defendant MASTERS'

21 office, where he serves as Defendant TALK RADIO's CEO.  Moreover, Plaintiffs left

22 service of process with Defendant MASTERS' personal, executive assistant, Ms. Erin

23 Terry, who, in her role as Defendant MASTERS' personal, executive assistant has, at

24 the very least, apparent authority to accept documents and service of process of his

25 behalf.  Defendants make no argument, in their Reply, or otherwise, as to why leaving

26 service of process at Defendant MASTERS designated business address, with his

27 personal executive assistant, was not a place in which Defendant MASTERS has

28

**PLAINTIFFS ASTERO, LLC AND ANDREA TANTAROS' SUR-REPLY TO
DEFENDANTS TALK RADIO AND MARK MASTERS' REPLY**

1  regular and frequent contact, or was not reasonably designed to give Defendant

2  MASTERS notice and a reasonable opportunity to respond.  Instead, Defendants

3  attempt to divert the courts attention, improperly, to the fact that such service was not

4  followed by a mailing, *despite the fact that no such mailing is required under the*

5  *applicable section of the Oregon <u>Code of Civil Procedure</u>.*

6      Oregon case law makes clear that service of process under Oregon <u>Code of Civil</u>

7  <u>Procedure</u> 7(D)(1) is extremely liberal – finding proper service to be adequate under

8  this Section where service was made on such persons as the Defendant's ex-wife, the

9  Defendant's book-keeper, and even the Defendant's lawyer's grandmother, so long as

10 the facts show that the Defendant has frequent and regular contact with that person, and

11 would thus likely receive notice of the documents served.  (*See  Duber v. Zeitler* (1993)

12 118 Or.App. 597, 601 [service upon the Defendant's ex-wife was proper, where the

13 Defendant regularly saw her for the purposes of picking up mail and visiting his

14 children];  *Matter of Marriage of Boyd* (1994) 131 Or.App. 194, 199-200, [Service on

15 Defendants book keeper was valid where process service established that bookkeeper

16 maintained more than infrequent and unpredictable contact with the defendant]

17 *Gallogly v. Calhoon* (1994) 126 Or.App. 366, 370-01 [Service on a defendant lawyer's

18 grandmother, at her home was adequate under the Oregon Rules because the defendant

19 had designated that address as the place to receive professional correspondence.])

20 This liberal standard was surely satisfied here, given the fact that Plaintiff left service

21 of process at Defendant's business address, with Defendants' personal, executive

22 assistant.  Defendants' arguments regarding Ms. Erin Terry's specific position in the

23 office, as a "boss" or otherwise, her physical description as set forth on the proof of

24 service, or her relationship with Mr. Severaid, the agent for service of process for

25 Defendant TALK RADIO, are completely beside the point, as are Defendants'

26 arguments regarding the mailing (or alleged lack thereof) of the summons and

27 complaint to Defendant MASTERS and Defendant TALK RADIO's office locations –

28

**PLAINTIFFS ASTERO, LLC AND ANDREA TANTAROS' SUR-REPLY TO**
**DEFENDANTS TALK RADIO AND MARK MASTERS' REPLY**

none of these are requirements for proper service of process under the specific Sub-Sections of the Oregon <u>Code of Civil Procedure</u> utilized by Plaintiffs in this case.  The service methods chosen by Plaintiffs require only that a person working in the same office as Defendants be served with the papers.  Plaintiffs did just that, and more, by leaving service of process with Ms. Erin Terry, the personal executive assistant of Defendant MASTERS, who is CEO of Defendant TALK RADIO -- thus perfecting service on Defendants, and establishing that Defendants had full and adequate opportunity to respond to the complaint against them.  They are therefore fully responsible and culpable for their failure to so respond.  For this reason, Defendants' default should not be set aside.

## V.    PLAINTIFFS WILL SUFFER SIGNIFICANT PREJUDICE SHOULD DEFENDANTS DEFAULT BE SET ASIDE

Defendants have been in clear breach of their obligations under the Host Agreement since at least August, 2013, and have failed to perform, failed to cure, and failed to timely pay Plaintiffs for more than seven (7) months.  Defendants have had multiple opportunities, since Plaintiffs' first notice to Defendants of their material breaches, to raise their defenses or attempt to resolve this action, but have done nothing to cure their breaches, and chosen to ignore Plaintiffs demands for timely cure. Instead, Defendants have chosen to delay, stall, drag their feet, and avoid Plaintiffs demands, despite having full knowledge of the existence and substance of Plaintiffs' complaints, and of the filing of this action, for the purpose of tying Plaintiffs hands, removing her from the marketplace, and preventing her from moving forward with her career, all while benefiting from their continued refusal to pay her pursuant to the terms of the Host Agreement.  Every day this case remains unresolved is a good day for Defendant TALK RADIO, because it keeps Plaintiff TANTAROS out of the marketplace without any expenditure on their part, and without them having to perform in accordance with the terms of the Host Agreement.

**PLAINTIFFS ASTERO, LLC AND ANDREA TANTAROS' SUR-REPLY TO DEFENDANTS TALK RADIO AND MARK MASTERS' REPLY**

1    Defendants' continued material breach of the Host Agreement has resulted in

2  significant prejudice to Plaintiffs that, already, has caused potentially irreversible

3  damage to Plaintiffs' career, "brand," and reputation in her field, and which would only

4  be compounded should Defendants be allowed to set aside their default.  For example,

5  Defendants have raised, and continue to raise, the false defense that Plaintiff

6  TANTAROS has breached the Host Agreement for the purpose of working for a

7  nameless "competitor" of Defendant TALK RADIO.  However, Plaintiff TANTAROS

8  has not so much as spoken with any other competing networks, despite the obvious

9  demand for her talents, specifically because of the unresolved nature of her relationship

10  with Defendant TALK RADIO.  Defendants should not be allowed to strategically and

11  purposefully continue to delay this case, and effectually force Plaintiff to stay in a

12  perpetual "holding pattern" to the detriment of Plaintiffs' career, her reputation, and her

13  "brand," and for the benefit of Defendant TALK RADIO's position in the marketplace.

14  Such "gamesmanship" and perversion of the judicial process is exactly what default

15  mechanism is designed to prevent.  As such Defendants' default should not be set

16  aside.

17  **VI.   CONCLUSION**

18    In the Third Circuit, the court will only set aside a default where it is shown that

19  the defaulted Defendants are not culpable in the actions giving rise to their failure to

20  timely appear, <u>and</u> Defendants have established the existence of a meritorious defense

21  to Plaintiffs complaint, <u>and</u> Plaintiffs would suffer no prejudice is allowing Defendants

22  to respond.  (*Budget Blinds, Inc. v. White* (3rd Cir. 2008) 536 F.3d 244, 256.)

23  However, Defendants have not offered any meritorious defense to the substance of

24  Plaintiffs claims, objecting only to the forum in which Plaintiffs claims were brought.

25  Additionally, Defendants' are fully culpable for their failure to respond to the

26  complaint, as they were both properly served and have actual notice of this action.

27  Defendants' continued failure to respond to Plaintiffs' complaints is rather a purposeful

28

---

**14**

**PLAINTIFFS ASTERO, LLC AND ANDREA TANTAROS' SUR-REPLY TO DEFENDANTS TALK RADIO AND MARK MASTERS' REPLY**

and strategic attempt to delay and extend the inevitable conclusion that Defendants'
materially breached the Host Agreement and that agreement was properly terminated
by Plaintiffs in October, 2013.  Finally, Plaintiffs have already suffered significant
prejudice as a result of Defendants repeated and intentional delays, which would only
be compounded and exacerbated by allowing Defendants to continue to delay this case.
Consequently, Defendants should not be able to set aside their defaults, in this action.

Dated: April 21, 2014                                **TIMOTHY J. McILWAIN**

/s/Timothy J. McIlwain

Timothy J. McIlwain, counsel for
Plaintiffs ASTERO, LLC, a New Jersey
limited liability company and ANDREA
TANTAROS, an individual

---

**15**

**PLAINTIFFS ASTERO, LLC AND ANDREA TANTAROS' SUR-REPLY TO
DEFENDANTS TALK RADIO AND MARK MASTERS' REPLY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of New Jersey, using the electronic case filing system of the court.

I hereby certify that on April 21, 2014, I caused:

**PLAINTIFFS ASTERO, LLC AND ANDREA TANTAROS' SUR-REPLY TO DEFENDANTS TALK RADIO AND MARK MASTERS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO VACATE ENTRY OF DEFAULT**

to be served by first class mail on:

*Athan Tsimpedes, Esq.,*
*TSIMPEDES LAW FIRM*
*1920 N. Street, NW, Suite 300*
*Washington, D.C. 20036*

I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and that I am employed in the office of a member of the Bar of this court at whose direction the service was made.

Executed this 21st day of April, 2014, at Los Angeles, California.

/s/ Ashley M. Hunt_____

Ashley M. Hunt

---

**5**

**PLAINTIFFS ASTERO, LLC AND ANDREA TANTAROS' SUR-REPLY TO DEFENDANTS TALK RADIO AND MARK MASTERS' REPLY**