TIMOTHY J. McILWAIN
ATTORNEY AT LAW, LLC
Attorney@McIlwainLaw.com
89 River Street #1538
Hoboken, New Jersey 07030
Tel: (877) 375-9599
Fax: (609) 450-7017

CHRISTIAN S. MOLNAR, ESQ. (CA State Bar No. 177665)
christian@christiansmolnarlaw.com
*(Pro Hac Vice)*
12400 Wilshire Boulevard, Suite 1180
Los Angeles, California 90025
Tel: (310) 820-9900
Fax: (310) 919-1950

Attorneys for Plaintiffs ASTERO, LLC, a New Jersey limited liability company, and ANDREA K. TANTAROS, an individual

## THE UNITED STATES DISTRICT COURT,

## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTERO, LLC, a New Jersey limited liability company; ANDREA K. TANTAROS, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>TALK RADIO NETWORK ENTERTAINMENT, INC., an Oregon corporation, MARK MASTERS, an individual, and Does 1 through 10, inclusive,<br><br>Defendants. | Case No.: 1:13-cv-06005-NLH-JS<br><br>**DECLARATION OF CHRISTIAN S. MOLNAR, ESQ., COUNSEL FOR PLAINTIFFS, IN SUPPORT OF PLAINTIFFS ASTERO AND ANDREA TANTAROS' SUR-REPLY** |

1

**DECLARATION OF CHRISTIAN S. MOLNAR, ESQ.**

## DECLARATION OF CHRISTIAN S. MOLNAR, ESQ.

1    I, Christian S. Molnar, Esq., declare:

2

3    1.    I am the principal of the Christian S. Molnar Law Corporation, and one of

4    the attorneys of record for Plaintiffs ANDREA K. TANTAROS, an individual, and

5    ASTERO, LLC, a New Jersey limited liability company, in this action, and have been

6    duly admitted as *pro hac vice* counsel in the court of the state of New Jersey and this

7    court.

8    2.    This declaration is being offered in support of "Plaintiffs' ASTERO and

9    ANDREA TANTAORS' Sur-Reply."  I have personal knowledge of the matters set

10   forth in this Declaration and, if called as a witness, I could and would testify

11   competently as to the matters stated below.

12   3.    On September 13, 2013 and October 9, 2013, Joe Cane, Jr., Esq., counsel

13   for Plaintiffs, sent notices of default to Defendant TALK RADIO, discussing multiple

14   and various breaches of the "HOST AGREEMENT" ("Host Agreement") between

15   Plaintiff ASTERO, LLC, a New Jersey limited liability company ("Plaintiff

16   ASTERO,") and Defendant TALK RADIO NETWORK ENTERTAINMENT, INC., an

17   Oregon corporation ("Defendant TALK RADIO,") at issue in this case.  However,

18   Defendant TALK RADIO did not substantively address the breaches listed therein.

19   4.    On October 8, 2013, I filed this action on behalf of Plaintiffs.  On October

20   21, 2013, Plaintiffs filed a first amended complaint, and on November 8, 2013,

21   Plaintiffs filed a second amended complaint [Docket Number 8] to properly allege

22   personal jurisdiction over the Defendants, but did not materially alter the underlying

23   substantive allegations in the complaint.

24   5.    On December 9, 2013, Plaintiffs filed a certificate of service as to

25   Defendants TALK RADIO and MASTERS [Docket Number 14.]

26   6.    On January 17, 2014, Plaintiffs filed a request for entry of default against

27   Defendants TALK RADIO and MASTERS for failing to plead or otherwise defend,

28   which was entered by the clerk on January 21, 2104.  [Docket Number 16.]

**DECLARATION OF CHRISTIAN S. MOLNAR, ESQ.**

7.      On February 20, 2014, Defendant TALK RADIO NETWORK ENTERTAINMENT, INC., an Oregon corporation ("Defendant TALK RADIO,") and Defendant MARK MASTERS, an individual ("Defendant MASTERS,") filed a "Notice of Motion and Motion to Set Aside Default" as to both Defendants (hereinafter "Defendants Motion") [Docket Number 17] arguing, *inter alia,* that, because service was improper as to both Defendants, then neither was culpable in their failure to timely respond to Plaintiffs' complaint, and on that ground, their defaults should be set aside. Plaintiffs' Motion stated that Plaintiffs would <u>not</u> be filing a Reply brief, and would instead allow the court to rule on its Motion, standing alone.

8.      On March 3, 2014, Plaintiff ANDREA TANTAROS, an individual ("Plaintiff TANTAROS,") and Plaintiff ASTERO, LLC, a New Jersey limited liability company ("Plaintiff ASTERO,") filed an Opposition to Defendants' Motion, ("Plaintiffs' Opposition') [Docket Number 19] arguing that, *inter alia,* Defendants MASTERS and TALK RADIO had been properly served under Oregon <u>Rules of Civil Procedure</u> Sections 7(D)(1) and 7(D)(3) respectively, and thus, Defendant were properly served and fully apprised of the pendency of this action and were therefore fully culpable for the fact that their defaults had been entered.

9.      On or about March 7, 2014, Defendant TALK RADIO was administratively dissolved, rendering it ineligible to conduct its regular business in that state, or any other.  Although Defendant TALK RADIO was, just prior to the date of this motion, reinstated as a corporate entity in Oregon, to date, Defendant TALK RADIO has not informed Plaintiffs, or the court, of their dissolution, despite the fact that Defendant TALK RADIO's solvency and ability to conduct its regular business is material to this case, and integral to Plaintiffs' causes of action.  A true and correct copy of Defendant TALK RADIO's record with the Oregon Secretary of State, establishing that it was dissolved at the time of the filing of Defendants' Reply, is attached hereto as **"Exhibit A,"** and incorporated herein by reference as if fully set forth.

**3**

**DECLARATION OF CHRISTIAN S. MOLNAR, ESQ.**

10.     On March 10, 2014, and *after* Defendant TALK RADIO was administratively dissolved, Defendants filed a Reply to Plaintiffs' Opposition, despite the fact that, in their Motion, Defendants represented that no such reply would be filed, which, among other things, <u>directly contradicted</u> the factual assertions presented in Defendants motion, including, among others, the completely incongruous statement that Defendant MASTERS had received, in the mail, a copy of the summons and complaint, despite stating the *exact opposite* in Defendants' Motion.  Defendants' Reply additionally failed to mention that, at that time, Defendant TALK RADIO was a dissolved, and non-operational entity.

11.     Additionally, Defendants' Reply completely misrepresents and mis - categorizes Plaintiffs' argument in their Opposition, erroneously stating that because Defendants had not been served in accordance with Oregon <u>Rule of Civil Procedure</u> Section 7(D)(2) an *entirely different code sub-section* than relied on by Plaintiffs in their opposition, then service was not proper.

12.     Defendants' Reply also completely misrepresents Ms. Erin Terry's position and relationship with Defendants MASTERS and TALK RADIO, attempting to argue that Ms. Terry was a mere office employee or receptionist, and was not in a position to properly apprise Defendants of service in this case.  However, Ms. Terry is, in fact, Defendant MASTERS,' personal, executive assistant and consequently has virtually constant contact with Defendant MASTERS and is, presumably, authorized to handle mailings and deliveries, and to accept service of process on his behalf, in her position as his personal, executive assistant.  (*See* Declaration of Plaintiff Andrea Tantaros, in support of Plaintiffs' Sur-Reply Brief, filed concurrently herewith, at **Exhibits "C" and "D,"** respectively, evidencing Ms. Erin Terry's position as Defendant MASTERS' personal executive assistant.)

13.     Prior to the execution of the Host Agreement, Defendant TALK RADIO filed a lawsuit against, *inter alia* Dial Global, Inc., alleging that Dial Global, among other things, had failed to properly pay Defendant TALK RADIO pursuant to

**DECLARATION OF CHRISTIAN S. MOLNAR, ESQ.**

1  syndication contracts between those parties.  A true and correct copy of Defendant

2  TALK RADIO's complaint against Dial Global, Inc., file August 27, 2012, in the

3  United States District Court for the District of Central California is attached hereto as

4  **Exhibit "B,"** and incorporated herein by reference as if fully set forth.

5    I declare under penalty of perjury of the laws of the State of California that the

6  foregoing is true and correct.

7    Executed on this 21st day of April, 2014, at Los Angeles, California.

8

9

10  _____

11  Christian S. Molnar

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF CHRISTIAN S. MOLNAR, ESQ.**