[Doc. No. 24]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ASTERO, LLC, et al.,<br><br>            Plaintiffs,<br>v.<br>TALK RADIO NEWWORK ENTERTAINMENT, INC., et al.,<br><br>            Defendants. | Civil No.  13-6005 (NLH/JS) |

**O R D E R**

This matter is before the Court on plaintiffs' April 15, 2014 letter application asking the Court to strike the April 14, 2014 Motion to Compel Arbitration [Doc. No. 24] filed by defendants Talk Radio Network Entertainment and Mark Masters (collectively "defendants").  The Court received defendants' April 18, 2014 response and exercises its discretion to decide plaintiffs' application without oral argument.  Fed. R. Civ. P. 78; L. Civ. R. 78.1.  For the reasons to be discussed, plaintiffs' application is granted.

Plaintiffs filed this lawsuit on October 10, 2013.  [Doc. No. 1].  Plaintiffs' second amended complaint was filed on November 8, 2013. [Doc. No. 8].  On January 21, 2014, the Court entered a default against defendants.  Defendants filed their motion to set aside the default on February 20, 2014. [Doc. No.

1

17]. Oral argument on the motion is scheduled on April 28, 2014. In the meantime, defendants filed their Motion to Compel Arbitration on April 14, 2014.

At the moment there is no question that the default entered against defendants is extant. The entry is an official recognition of the fact that defendants failed to comply with the Federal Rules of Civil Procedure. Wright, Miller & Kane, <u>Federal Practice and Procedure</u>,3d §2692 at 84. Accordingly, since defendants are currently in default, they had no authority to file their Motion to Compel Arbitration. The motion may not be filed until or unless defendants' motion to set aside their default is granted.

In opposition to plaintiffs' application defendants argue they have shown good cause to strike plaintiffs' default. However, this issue is not germane to plaintiffs' present application. Whether the default will be stricken will be addressed at the April 28, 2014 oral argument, not in this Order. Defendants argue if their motion to set aside default is granted this will require that they re-file their motion to compel. April 18, 2014 Letter Brief ("LB") at 2. Although defendants are correct, this does not take away from the fact that defendants do not have the authority to file a motion to compel arbitration while being subject to a default. Defendants did not cite any case law to support their contention that they

2

had authority to file their motion. Defendants are not prejudiced by this Order. If their motion to set aside default is granted, they will have an opportunity to re-file their motion to compel and plaintiffs will have a full and fair opportunity to respond.

Accordingly, for all the foregoing reasons, and good cause having been shown,

IT IS HEREBY ORDERED this 23rd day of April, 2014, that plaintiffs' application to strike defendants' Motion to Compel Arbitration is GRANTED. The Clerk of the Court shall remove defendants' motion [Doc. No. 24] from the active motion list; and it is further

ORDERED that this Order is entered without prejudice to defendants' right to re-file their motion to compel if their motion to set aside default is granted. This Order does not address the merits of defendants' motion to compel or motion to set aside default.

                                              s/Joel Schneider
                                              JOEL SCHNEIDER
                                              United States Magistrate Judge