

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**JOEL SCHNEIDER**
UNITED STATES MAGISTRATE JUDGE

UNITED STATES COURTHOUSE
ONE JOHN F. GERRY PLAZA
Fourth & Cooper Streets, Room 2060
Camden, New Jersey 08101
(856) 757-5446

**LETTER ORDER
ELECTRONICALLY FILED**
August 26, 2014

Timothy J. McIlwain, Esquire
Timothy J. McIlwain, Attorney at Law, LLC
89 River Street #1538
Hoboken, NJ 07030

Athan T. Tsimpedes, Esquire
Law Offices of Athan T. Tsimpedes
1900 L Street, NW
Suite 502
Washington, DC 20036

> **Re: Astero, LLC, et al. v. Talk Radio Network
> Entertainment, Inc., et al.
> Civil No. 13-6005 (NLH/JS)**

Dear Counsel:

This letter addresses the parties' dispute concerning the language in paragraph 2.5 of their draft agreement. The Court received the parties' August 13, 2014 letters and heard oral argument via telephone conference call on August 19, 2014. The Court was asked to opine on which version of paragraph 2.5 should be incorporated into the final agreement. The Court was not asked to draft new language but merely to choose between the two versions that were presented. For the reasons to be discussed, the Court chooses defendants' version.

The May 28, 2014 Stipulation and Agreement ("Stipulation") expresses the parties' agreement. The Court believes that the insertions plaintiffs are now requesting were not included in the Stipulation. If plaintiffs wanted additional concessions from defendants they could have and should have included the proposed language in the May 28, 2014 Stipulation. If adopted, plaintiffs' proposed language may add new material responsibilities and duties on defendants' part that were not agreed upon. The Court is also concerned about the potential

August 26, 2014
Page 2

uncertainty plaintiffs' language would create. Plaintiffs could not provide a "real life" example of the conduct the proposed wording would capture that is not already covered by defendants' proposed language.

Based upon defendants' representations made during the August 19, 2014 conference call, the Court believes plaintiffs' concerns are overblown. Defendants plainly stated that they do not intend to monetize or promote plaintiffs' name and show. Plaintiffs concede that defendants' solely historical references to plaintiffs' show are acceptable.

At the end of our conference call the parties raised the issue of whether plaintiffs have to return just the equipment in plaintiffs' current possession or all equipment they were given. The Court is reluctant to address a dispute that may not exist. Plaintiffs should inventory everything they propose to return and defendants should check if anything of value is missing.

The Court has invested significant time and resources towards assisting the parties' to resolve this litigation. The remaining issues are minor and should be wrapped up forthwith. By September 5, 2014, if the Court does not receive written confirmation that the parties agree that the case is resolved and may be dismissed, the Court will proceed to decide defendants' "Motion to Set Aside Default" [Doc. No. 17]. The Court will also issue a Scheduling Order to complete all discovery by December 31, 2014.

                                    Very truly yours,

                                    *s/Joel Schneider*

                                    JOEL SCHNEIDER
                                    United States Magistrate Judge

JS:jk
cc:  Hon. Noel L. Hillman